## Case No. 15,661.

UNITED STATES v. McCORMICK.

[4 Cranch, C. C. 104.] 1

Circuit Court, District of Columbia. Dec. Term, 1830.

KEEPING PUBLIC GAMING HOUSE — INDICTMENT — TIME.

Upon an indictment for keeping a public gaming house, the day laid in the indictment is not material, so that it is within the time of limitation, and not within the time of a previous conviction or acquittal. All the acts of keeping such a house before finding the indictment constitute but one offence.

[Followed in U. S. v. Ringgold, Case No. 16,167. Cited in Ex parte Snow, 7 Sup. Ct. 562, 120 U. S. 286.]

Indictment [against James McCormick] for a nuisance in keeping a public gaming house from April 10 to June 10, 1829.

## Case No. 15,662.

UNITED STATES v. McCORMICK.

[1 Cranch, C. C. 106.] 1

Circuit Court, District of Columbia. Dec. Term, 1802.

WITNESS—INFORMER—INTEREST—INDICTMENT FOR MARRYING WOMAN UNDER AGE.

1. The informer is not entitled to one half of the penalty on a minister for marrying a woman under sixteen years of age without the consent of her parents or guardian; and is therefore a competent witness.

2. Quære, whether, on an indictment, upon a statute, charging an act to be done knowingly, the scienter must be proved "if the statute does not use the word 'knowingly.'"

The Rev. A. T. McCormick, an Episcopal clergyman, was indicted for marrying Mary Ann Densley to Matthew Lawler, without the consent of her parents, (she being under the age of sixteen) against the act of Maryland, February, 1777, c. 12, § 9, which is in these words: "And be it enacted, that if any minister shall join in marriage any male under the age of twenty-one years, or any female under the age of sixteen years, and not before married, without the consent of the parent or guardian of every such person, personally given, or signified under the hand and seal of the said parent or guardian, and attested by two witnesses, he shall forfeit and pay five hundred pounds current money." The indictment was as follows:

"United States, District of Columbia and County of Washington, to wit: The jurors for the United States for the District of Columbia and county of Washington, upon their oath, present that Andrew Thomas McCormick, late of the county of Washington, clerk, upon the twenty-third day of July, in the year of our Lord Christ one thousand

---

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. William Cranch, Chief Judge.]

eight hundred and two, with force and arms, at the county of Washington aforesaid, did unlawfully, knowingly, and wilfully solemnize matrimony between Henry Lawler, late of the county of Washington aforesaid, then a bachelor, and one Mary Ann Densley, then a single woman, daughter of one Hugh Densley, late of the county of Washington, without the consent of the said Hugh Densley, and without the consent of Mary Ann Densley, wife of the said Hugh Densley and mother to the said Mary Ann Densley first named, personally given or signified under the hand and seal of the said Hugh Densley, or the said Mary Ann his wife, and attested by two witnesses, the said Mary Ann Densley daughter to the said Hugh Densley, and Mary Ann his wife, then and there being under the age of sixteen years, and not before married; in contempt of the laws of the land, to the evil example of all others in like cases offending, against the form of the statute in that case made and provided, and against the peace and government of the United States."

At the trial, Mr. Key, for the traverser, objected to Hugh Densley, as a witness, contending that he was entitled, as informer, to half the penalty, under the second section of the act of congress. supplementary to the act concerning the District of Columbia. 2 Stat., 115.

But THE COURT overruled the objection.

Mr. Mason, for the United States, prayed the court to instruct the jury that it is not necessary to prove that the traverser knew that the girl was under the age of sixteen.

Mr. Key, contended that there could be no offence, if the traverser did not know that fact. The indictment has charged it to be done knowingly, and it would have been bad if it had not. The scienter, therefore, must be proved.

KILTY, Chief Judge, was decidedly of opinion that it was not necessary to prove that the traverser knew she was under age. It was his duty to know it. The law was intended to punish his negligence as well as his guilt. He takes the risk upon himself, if he marries without the consent of the parent.

CRANCH. Circuit Judge, inclined to be of the same opinion, but expressed a wish that the point might be argued, upon a motion for a new trial, if the verdict should be against the traverser.

Verdict for the United States.

A motion was made for a new trial, but was afterwards withdrawn, and a motion made in arrest of judgment (1) because the indictment does not aver that the traverser was a minister, or person capable of legally joining persons in marriage, at the time of the offence; (2) because it does not aver that the marriage was without the consent of the guardian.

Adjourned for argument. See U. S. v. McCormick [Case No. 15,663].